**In re HESTON.**

[Cite as *In re Heston* (1998), 129 Ohio App.3d 825.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970265.

Decided Sept. 18, 1998.

*Jerome P. Stineman,* for appellants Charles and Beverly Heston.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *George Stricker, Jr.,* Assistant Prosecuting Attorney, for appellee Hamilton County Department of Human Services.

*Theresa O'Brien Roth,* guardian *ad litem* for Elizabeth and Sarah Heston.

---

*Per Curiam.*

Appellants Charles and Beverly Heston appeal from the decision of the Hamilton County Juvenile Court awarding permanent custody of their children, Elizabeth and Sarah Heston, to the appellee, Hamilton County Department of Human Services ("DHS").

Pursuant to R.C. 2151.414(E)(1), the trial court found by clear and convincing evidence that, following removal of the children and notwithstanding the efforts of DHS to remedy the sexual and physical abuse inflicted by two older brothers and by an uncle, the Hestons had failed continuously and repeatedly to substantially remedy the conditions and had failed to demonstrate an ability to protect the children from further harm. The trial court, therefore, granted permanent custody to DHS. *In re William S.* (1996), 75 Ohio St.3d 95, 661 N.E.2d 738, syllabus.

In their first assignment of error, the Hestons contend that their trial counsel's failure to object to the alleged hearsay testimony of two caseworkers and to object to the admission of certain exhibits were substantial failures of essential duties that denied them the effective assistance of counsel. In a portion of their second assignment of error, the Hestons directly assert that the trial court erred in admitting the hearsay evidence of sexual abuse.

The right to counsel, guaranteed in these proceedings by R.C. 2151.352 and Juv.R. 4, includes the right to the effective assistance of counsel. *McMann v. Richardson* (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; *Jones v. Lucas Cty. Children Serv. Bd.* (1988), 46 Ohio App.3d 85, 546 N.E.2d 471. Where the proceeding contemplates the loss of parents' "essential" and "basic" civil rights to raise their children, *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171, citing *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558–559, the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody. *Jones v. Lucas Cty. Children Serv. Bd.*, 46 Ohio App.3d at 86, 546 N.E.2d at 473; see, also, *In re Brodbeck* (1994), 97 Ohio App.3d 652, 647 N.E.2d 240; *In re Eskins* (July 13, 1998), Butler App. No. CA97–10–199, unreported, 1998 WL 391375; *In re Mull* (Mar. 24, 1997), Seneca App. No. 13–96–38, unreported, 1997 WL 155412.

To prevail, the Hestons must show that their counsel's performance was deficient and that the deficient performance so prejudiced them as to deny them a proceeding whose result was reliable and fundamentally fair. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180, 190–191; *Strickland v. Washington* (1984), 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697.

After reviewing all the proceedings in the trial court, including the Hestons' March 21, 1995 stipulation to the truthfulness of the allegations that the children were victims of sexual and physical abuse, the continuing reports by the children of abuse, the cross-examination of the caseworkers by the children's guardian *ad litem*, the largely unrebutted testimony of a child psychiatrist and licensed psychologists concerning continuing harm to the children, the admission of the children's hospital records, as exceptions to the hearsay rule pursuant to Evid.R. 803(4) and 803(6), and the calling of at least three defense witnesses, we hold that the record does not demonstrate any deprivation of a substantial or procedural right which rendered the trial fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. at 372, 113 S.Ct. at 844, 122 L.Ed.2d at 190–191. The first assignment of error is overruled. That portion of the second assignment of error addressing the admission of evidence is also overruled.

■ In the remaining argument contained in their second assignment of error, the Hestons challenge the manifest weight of the evidence adduced to support the trial court's award of permanent custody to DHS. This argument must fail. The trial court had ample evidence that, despite the passage of over eighteen months of intervention by DHS, the Hestons had failed to remedy the situation to the point where they were able to adequately provide care and protection for their two daughters.

■ A judgment supported by some competent, credible evidence going to all the essential elements of the case or defense will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. The record contains sufficient clear and convincing evidence to support the trial court's decision. See *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613. The remaining portion of the second assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.