[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellants Teresa Rosello and Roy Helton appeal from the judgment of the trial court rejecting the magistrate's decision and ordering permanent commitment of Rosello's three children to defendant-appellee Hamilton County Department of Human Services (HCDHS). The matter came before the trial court on a motion to modify temporary custody to permanent custody filed by HCDHS on August 1, 1997. After four evidentiary hearings, the magistrate found the evidence insufficient to support a modification of custody. HCDHS filed an objection to the decision of the magistrate on May 6, 1998. The trial court heard oral argument on the objection and entered its judgment rejecting the magistrate's decision and granting permanent custody to HCDHS on January 29, 1999.
Rosello and Helton raise only one assignment of error; specifically, that the juvenile court erred in finding HCDHS's objection to the magistrate's recommendation of long-term foster care to be well taken, and in granting permanent custody of her children to HCDHS. For the reasons that follow, we do not agree and affirm the juvenile court's judgment.[1]
Rosello first argues that HCDHS's objection did not comply with the Rules of Juvenile Procedure in that the objection was not supported by a transcript of all the evidence or an affidavit.[2] The record indicates, however, that the trial court continued the case on several dates to allow the transcript to be completed. The parties first appeared before the court on the objection on June 6, 1998, and oral argument was not heard until December 3, 1998. By the time the trial court rendered its judgment on January 29, 1999, it had all the evidence necessary to properly rule on the objection. As we noted recently in In Re Wooldridge,[3] "[i]n the event that the trial court chooses to reject or modify the magistrate's decision, it must first conduct a review of the pertinent transcripts before rendering its judgment." Because the trial court conducted the appropriate review in this case, it was free to reject the magistrate's decision.
Rosello argues next that the trial court did not give the requisite deference to the magistrate's decision. Rosello erroneously contends that a juvenile court is required to defer to the findings of fact and conclusions of law reached by a magistrate. The court is only required to defer to the magistrate's findings and conclusions when it fails to conduct an independent review of the record. Where such a review takes place, as in the case before us, the court may make its own factual findings and legal conclusions.[4]
When a trial court rules on an objection, "the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself."[5] In this case, the trial court, acting as the trier of fact, weighed all the evidence and ultimately rejected the magistrate's decision and entered its own judgment permanent custody of the children to HCDHS.
Finally, Rosello and Helton assert that the trial court's decision to grant permanent custody of the children to HCDHS was not supported by clear and convincing evidence in the record. We have recently stated that where the record contains sufficient clear and convincing evidence to support the trial court's decision, it will not be reversed by a reviewing court.[6] R.C.2151.414 sets forth the guidelines that a juvenile court must follow when considering a motion for permanent custody. The threshold inquiry in this case was whether the children could be placed with either of their parents within a reasonable time.[7] The trial court determined by clear and convincing evidence that Rosello could not regain custody of the children within a reasonable time.[8] It is undisputed in the record that Rosello had not made any significant progress in dealing with her substance-abuse problems and had not adequately participated in family counseling. Furthermore, Rosello had not ended her relationship with Roy Helton, Darla's father, which by all accounts was a violent one. The cessation of that relationship had been a consistent requirement of reunification with Rosello's children. Helton conceded that Darla should not be placed with him.
Having found that the children could not be placed with either parent within a reasonable time, the juvenile court then had to determine whether termination of parental rights and a grant of permanent custody was in the best interests of the children. Under R.C. 2151.414(D), the court was required to consider all relevant factors, including but not limited to those enumerated in subsections (1) through (4). While Rosello and Helton emphasize the fact that three older children might not be adoptable, adoptability in and of itself is no longer an enumerated factor. The family counselor testified that the children needed a legally secure permanent placement.[9]
Furthermore, the custodial history of the children, and the lengthy involvement of HCDHS with the children and their mother, indicate that such a placement was not possible without a grant of permanent custody.[10] The interaction of the children with their parents was troubling at best.[11] Roy Helton, also an alcoholic, was abusive to Rosello on more than one occasion in the presence of the children. According to the counselor who testified, Rosello, although affectionate to her children, was unable to set appropriate boundaries for them and was unaware that she lacked necessary parenting skills. Finally, although the children expressed their desire to return to their mother's custody, the trial court determined that it was not in their best interests to "confirm their false hope of reunification," since Rosello had not shown progress toward this goal.
We hold that the record contains overwhelming evidence in support of the juvenile court's decision. "An appellate court will not reverse a juvenile court's termination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence."[12]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________.
Presiding Judge
[1] Rosello raises three issues pertinent to the disposition of the assignment of error. Because Helton's brief only addresses the third issue, whether the trial court's decision was supported by clear and convincing evidence, the inclusion of his name will be confined to that particular issue.
[2] Juv.R. 40(E)(3)(b).
[3] (Aug. 27, 1999), Hamilton App. No. C-980545, unreported.
[4] In Re Wooldridge, supra.
[5] Juv.R. 40(E)(4)(b).
[6] In re Heston (Sept. 18, 1998), 129 Ohio App.3d 825,719 N.E.2d 93.
[7] R.C. 2151.414(B)(1).
[8] Mr. Harper, father of Maria and Michael, was not a party to this proceeding.
[9] R.C. 2151.414(D)(4).
[10] R.C. 2151.414(D)(3) and (4).
[11] R.C. 2151.414(D)(1).
[12] In the Matter of Taylor (June 11, 1999), Ashtabula App. No. 97-A-0046, unreported, citing In reBacorn (Dec. 20, 1996), Portage App. No. 96-P-0015, unreported.