DECISION
Appellant, Vanassa McLemore, the mother of Vanecisha McLemore, appeals from an order terminating her parental rights and placing Vanecisha in the permanent custody of appellee, Franklin County Children Services ("FCCS").
On July 24, 1998, appellant was arrested and Vanecisha McLemore was placed in emergency foster care. On October 1, 1998, the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicated Vanecisha to be a dependent minor and committed her to the temporary custody of FCCS. As part of its disposition, the court approved a case plan that outlined the issues that caused Vanecisha to be removed from appellant's home and set forth a strategy to reunify Vanecisha with appellant. The case plan required appellant to complete parenting and anger management classes, to refrain from drug use and to maintain stable, independent housing.
On May 27, 1998, FCCS filed a motion requesting permanent custody of Vanecisha. The motion, which was filed pursuant to R.C. 2151.413, alleged that Vanecisha could not or should not be placed with appellant within a reasonable period of time.
Appellant attended the two-day trial on the motion for permanent custody, and she was represented by counsel. Appellant's counsel moved unsuccessfully for a continuance on the first day of trial. Although appellant's attorney candidly admitted that he had neither reviewed discovery nor prepared his client to testify, the magistrate denied the motion, the case proceeded to trial, and appellant was cross-examined at length by counsel for FCCS during the first day.
Appellant testified that she had endeavored to fulfill all aspects of the case plan. She testified that she had completed parenting and anger management classes. She admitted that she did not complete the specific drug and alcohol assessment requested by her FCCS caseworker because the requirement duplicated the drug screen requirement imposed as a condition of her probation for a criminal conviction. Appellant testified that she had signed a consent form so that FCCS could get the results of the probation department's urine screens. She stated that she had successfully completed all the urine screens requested by her probation officer.
Appellant admitted that she had not visited Vanecisha with regularity. She explained that she had been unable to visit during a period of incarceration for three months in 1999. She also testified that she missed visits because she was working on her case plan, which required her to attend classes and hold two jobs in order to afford independent housing. Because she needed to take two busses to reach FCCS offices, it was difficult for her to visit with Vanecisha.
Appellant testified that she signed a one-year lease on an apartment in late October 1999.
FCCS caseworker Kelly Russell admitted that appellant had completed parenting and anger management classes. She testified, however, that appellant failed to meet the other case plan objectives. Russell testified that appellant completed only two of the twenty-one urine screens requested by FCCS, and that both screens were positive for marijuana use. Russell admitted, however, that the first positive screen was taken near the opening of this case in 1998. Russell was unable to testify as to the level of marijuana in the more recent screening, taken on February 3, 2000, and she could not dispute appellant's claim that the screen reflected second-hand smoke.
Russell also testified that appellant had not maintained independent, stable housing. Russell noted that appellant had been incarcerated for several months while she was supposed to be working on the case plan. Russell also testified that she had sent a letter to appellant's current address, but the letter was returned as undeliverable. Russell opined that appellant had not bonded with Vanecisha, although Russell admitted that Vanecisha was young enough that mother and child still had time to bond.
The magistrate recommended that permanent custody of Vanecisha be awarded to FCCS. The trial court overruled appellant's objections to the magistrate's recommendation and entered judgment in FCCS's favor. Appellant now raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in granting the motion for permanent custody as the decision was against the manifest weight of the evidence and contrary to law.
 SECOND ASSIGNMENT OF ERROR
Appellant was denied effective assistance of counsel.
We address appellant's assignments of error in reverse order. By her second assignment of error, appellant argues that she was denied effective assistance of counsel. FCCS contends that appellant has waived her right to argue that she was denied effective assistance of counsel because she did not raise that argument as part of her objections to the magistrate's decision. FCCS argues that appellant therefore failed to comply with Juv.R. 40(E)(3)(b). We disagree. Juv.R. 40(E)(3)(b) contemplates objections to a magistrate's findings of facts or conclusions of law, not arguments regarding the ineffective assistance of counsel.
The right to counsel, guaranteed in these proceedings by R.C. 2151.352
and by Juv.R. 4, includes the right to the effective assistance of counsel. In re Heston (1998), 129 Ohio App.3d 825, 827. "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." Id. See, also, In re Brodbeck (1994), 97 Ohio App.3d 652,657; In the Matter of: Greene (Nov. 17, 1992), Franklin App. No. 92AP-288, unreported; Jones v. Lucas Cty. Children Services Bd. (1988),46 Ohio App.3d 85, 86.
Accordingly, we apply the test for ineffective assistance of counsel outlined by the Ohio Supreme Court in State v. Ballew (1996),76 Ohio St.3d 244, 255. The two-part test requires a showing that: (1) counsel's performance was defective; and (2) the deficient performance prejudiced the result. Id. To prevail, appellant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 256-257. Appellant must also prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 257.
We conclude that appellant has satisfied both parts of the test. First, appellant has shown that her counsel's performance was defective. Indeed, counsel candidly admitted that he was entirely unprepared for the first day of the hearing when he made an unsuccessful motion for a continuance:
 [ATTORNEY]: Your Honor, I am not if I may please the Court. I am not prepared to proceed today. I didn't I failed to docket this matter. I apologize to the Court for that occurred. I had to be called by my client who is in the company of your bailiff, Mr. Kneely, at the time. And because I failed to make [sic] my calendar, I did not prepare in any way, shape, or form for PCC hearing on this matter today. * * * I have obviously, — I have not had the opportunity to prepare my client for this type of hearing. * * *
* * *
 * * * Had I calendared (SIC) this matter, I would have had the opportunity to review the luminous [sic] mass of discovery that was present to me. Because of my own failure to calendar this case, which I've up front acknowledge, I have not had the opportunity to review those documents either. [Dec. 9, 1999 Tr. at 4, 7.]
On the first day of the hearing, appellant was cross-examined at length by the attorney for FCCS, notwithstanding the fact that appellant's attorney had not reviewed discovery or prepared appellant for the hearing.
When the hearing resumed sometime later and FCCS's caseworker testified, appellant's counsel entered few objections, even though arguably objectionable evidence comprised a significant portion of the caseworker's testimony. The caseworker testified about facts as to which she did not appear to have personal knowledge. For example, she testified about the contents of appellant's alcohol and drug assessment. She testified about appellant's probation requirements and the results of appellant's urine screens. She testified about statements made by appellant's family members. In light of appellant's counsel's repeated failure to object to arguably inadmissible evidence, his complete lack of preparation for the first day of the hearing and little more preparation on the second day, we conclude that counsel's representation fell below an objective standard of reasonableness.
Second, appellant has shown that her attorney's deficient performance prejudiced the result of the hearing. In its order granting permanent custody to FCCS, the trial court noted that appellant failed to satisfy the objective of her case plan regarding drug usage. Evidence about appellant's failure to comply with this portion of her case plan was arguably derived, at least in part, from testimony by a caseworker who did not have personal knowledge of the facts. Because appellant has met some of the goals of her case plan, made progress on other goals, and testified that she indeed complied with a duplicative drug screening program as a requirement of her probation, we believe that there is a reasonable probability that counsel's failure to object to certain testimony regarding appellant's drug usage may have impacted the results of the proceeding.
Appellant's second assignment of error is sustained.
By her first assignment of error, appellant contends that the trial court erred in granting the motion for permanent custody, as the decision was against the manifest weight of the evidence and contrary to law. A reviewing court may not reverse a judgment in a civil case as being against the manifest weight of the evidence if that judgment is supported by some competent, credible evidence going to all essential elements of the case. See C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Although we believe that the record, as it currently stands, contains evidence going to all essential elements of the case, our assessment of appellant's first assignment of error would be hampered by the fact that appellant's counsel failed to object to arguably inadmissible testimony, waiving appellant's argument on the admissibility of that evidence for purposes of this appeal. See Goldfussv. Davidson (1997), 79 Ohio St.3d 116, 121. In light of our resolution of appellant's second assignment of error and our conclusion that the record was impacted by the ineffective assistance of appellant's counsel, we overrule as moot appellant's first assignment of error.
Without reaching a decision on the first assignment of error, we nonetheless observe that a significant portion of the record was based on hearsay evidence. FCCS did not, for example, present testimony from appellant's probation officer to refute appellant's assertion that she had successfully completed a series of urine screens as a condition of her probation, relying instead on second-hand information from the FCCS caseworker. In light of its burden of proving its case for permanent custody by clear and convincing evidence, we believe that FCCS should endeavor to secure the proper witnesses to provide first-hand testimony. Likewise, we believe that FCCS's failure to produce appropriate witnesses should, at the very least, draw objections, when appropriate, from opposing counsel.
For the foregoing reasons, we sustain appellant's second assignment of error and overrule as moot appellant's first assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and this case is remanded for a new hearing, consistent with this decision, on FCCS' motion for permanent custody of Vanecisha McLemore.
 __________ BOWMAN, J.
PETREE and BROWN, JJ., concur.