JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Nancy Margaret Russo finding Gayland Fancher to be a sexual predator. Fancher claims there was insufficient evidence to make the sexual predator finding, and that Ohio's sexual predator statute, R.C. 2950.09, violates constitutional doctrines of due process and separation of powers. We reverse and remand.
In 1989, Fancher, then forty-two years of age, pleaded guilty to one count of rape of his then nine-year-old stepson, in violation of R.C.2907.02, and was sentenced to a prison term of seven to twenty-five years. During the January 7, 2000 sexual predator hearing under R.C.2950.09(C), the State relied on three exhibits to support its claim that Fancher was a sexual predator: (1) his December 1988 statement admitting and describing the offense, which had occurred a month earlier, and admitting to an additional two-year-old incident; (2) a police report describing an interview with the victim that verified Fancher's offense and also indicated prior incidents of abuse; and (3) a letter from the Ohio Department of Rehabilitation and Correction (ODRC) to the judge concerning an inmate named Wilson with an inmate number that differed from Fancher's, which stated, inter alia, that the inmate has not participated in any educational or recovery service programs since the beginning of his incarceration. The State utilized that letter as proof of Fancher's failure to participate in sexual offender programs while in prison, and the judge agreed, and used this evidence to conclude that Fancher presented a danger of committing future sexually oriented offenses.
On January 20, 2000, the judge issued a ruling stating only that Motion to dismiss House Bill 180 is denied. Fancher appealed the ruling, and on December 7, 2000, we remanded for entry of a final appealable order. On January 17, 2000, the judge entered the following ruling:
 At the request of counsel, court enters this nunc-pro-tunc [sic] entry to journalize its oral findings, made on the record on January 7, 2000 at which time the court held a House Bill 180 hearing and adjudicted [sic] the defendant to be a sexual predator.
The first assignment of error states:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Fancher did not object, either at the hearing or on appeal, to the use of an exhibit that imputed to him the institutional record and non-participation in educational or recovery service programs of another prison inmate but, under App.R. 12, we have the authority to recognize the error under appropriate circumstances.[1]
Although the power to address unassigned errors should be used sparingly,[2] we find it proper here. The existence of error is itself not a subject of controversy; it is obvious that State's Exhibit Three refers to someone other than Fancher because the letter states a name, institutional number, and date of incarcerationdifferent from his. The error here is, essentially, ineffective assistance of counsel, yet it is unclear whether Fancher would be allowed a remedy through collateral action.[3] A right to effective assistance of counsel exists not only in criminal proceedings, but in civil actions where the state exerts its considerable power and resources against an individual.[4] A statute that recognizes a defendant's right to counsel includes the right of effective assistance of counsel, whether that right is considered constitutional or statutory in origin.[5] To prove ineffective assistance of counsel, a defendant must show that his lawyer's representation fell below reasonable professional standards, and that he was prejudiced as a result.[6] The professional standards element normally focuses on whether the lawyer's conduct should be viewed as an error or as a reasonable strategic decision, while prejudice is shown if, but for the lawyer's errors, there is a reasonable probability the outcome of the trial would have been different.[7] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[8] There is no professional justification for failing to point out that the State presented an exhibit related to a different inmate; it remains only to determine whether, had the error not occurred, there is a reasonable probability that Fancher's hearing would have had a different result. The State's evidence focused solely on the events of an offense that occurred eleven years earlier, and without other evidence from which to infer his likelihood to reoffend, the facts surrounding his prior offenses were insufficient to support a sexual predator determination.[9]
Had Fancher's lawyer objected to the letter at the hearing, he would have been entitled to dismissal on the basis of lack of clear and convincing evidence. Therefore, both prongs of the Strickland test are satisfied.
Whether based simply on the plainly erroneous introduction of evidence or on ineffective assistance of counsel, our recognition of this error is justified. Fancher should not have been declared a sexual predator based on evidence concerning a different inmate. The first assignment of error is sustained.
The second and third assignments state:
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY [SIC] FLAWED.
Based on our resolution of the first assignment of error, we find the second and third assignments moot.[10]
Judgment reversed and remanded to the trial court for entry of judgment finding Fancher not to be a sexual predator, and for appropriate entries and notifications pursuant to R.C. 2950.09(C)(2)(b)(v).
It is ordered that the appellant recover from appellee costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCUR; JAMES J. SWEENEY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] C. Miller Chevrolet, Inc. v. Willoughby Hills (1974),38 Ohio St.2d 298, 301, 67 O.O.2d 358, 313 N.E.2d 400, 403; State v. Eiding (1978), 57 Ohio App.2d 111, 117-18, 11 O.O.3d 113, 385 N.E.2d 1332,1336-37.
[2] State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170,522 N.E.2d 524, 526.
[3] It is possible that the civil right to effective assistance could be claimed in a motion for relief from judgment under Civ.R. 60(B), although we are unaware of any cases discussing this or any other method of obtaining relief outside a direct appeal. We could not expect Fancher to raise ineffective assistance as an assignment of error in this appeal, however, because he was represented by the same lawyer at trial and on appeal.
[4] See In re Glenn (2000), 139 Ohio App.3d 105, 114, 742 N.E.2d 1210,1216 (applying ineffective assistance test in termination of parental rights action); In re Heston (1998), 129 Ohio App.3d 825, 827,719 N.E.2d 93, 95 (same).
[5] Jones v. Lucas Cty. Children Serv's. Bd. (1988), 46 Ohio App.3d 85,86, 546 N.E.2d 471, 473.
[6] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Johnson (2000), 88 Ohio St.3d 95,108, 723 N.E.2d 1054, 1067.
[7] Strickland, 466 U.S. at 687-94, 104 S.Ct. at 2064-68,80 L.Ed.2d at 693-98.
[8] Id. at 694, 104 S.Ct. at 2068.
[9] State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported.
[10] App.R. 12(A)(1)(c).