In this expedited appeal, considered pursuant to App.R. 11.2, Jeannie Kinney challenges the decision of the Hamilton County Juvenile Court awarding permanent custody of her infant child Starla to the Hamilton County Department of Jobs and Family Services ("DJFS"). In a single assignment of error, Kinney questions the manifest weight of the evidence adduced to support the juvenile court's decision. Because the juvenile court had ample evidence that Kinney's continuing mental retardation and mental-health problems and her refusal to cooperate with DJFS in the resolution or alleviation of those problems could not be remedied within a reasonable time and would place Starla at risk, the decision to grant permanent custody of Starla to DJFS is affirmed.
From 1984 until 1998, Kinney received many services from DJFS to aid her in raising her children. In 1998, Kinney moved to Butler County. When one of the children was injured in a fall and failed to receive appropriate follow-up care, Butler County children's services conducted an investigation. The investigation disclosed that the home was in disarray, with the children sleeping on feces-and urine-saturated mattresses, and with one child suffering from ringworm. All the children were removed from the home. The older four children were placed with their father. Three more were placed with other relatives, and the youngest three were permanently committed to the custody of children's services.
In May 2000, Kinney gave birth to Starla, her eleventh child. The alleged father has had no contact with Starla since her birth. Under intensive scrutiny and with daily intervention from social workers and other caregivers, Kinney was initially permitted to raise Starla.
In the fall of 2000, Kinney left Butler County and the services provided to her there and returned to Hamilton County. Alerted by Butler County children's services, DJFS began an intervention with Kinney. DJFS social workers concluded that Starla was at "high risk." In November, Starla was placed in foster care. By January 2001, Kinney had limited her cooperation with DJFS. She only visited Starla twice between January and March. She failed to attend four appointments with psychiatrists and psychologists arranged by DJFS. DJFS ultimately filed a complaint for permanent custody of Starla.
The right to raise a child is an essential and "paramount" civil right. Before that right may be terminated, the juvenile court, as here, must afford the parent every procedural and substantive protection the law allows. See In re Hayes (1997), 79 Ohio St.3d 46, 679 N.E.2d 680; see, also, In re Etter (1998), 134 Ohio App.3d 484, 731 N.E.2d 694. The juvenile court and its magistrate conducted a series of hearings in April, May, and December of 2001. The magistrate heard testimony from six witnesses for DJFS, including a psychiatrist and a clinical psychologist who had examined Kinney. Kinney, represented by counsel, gave testimony and produced two other witnesses. The guardians ad litem for Starla and for Kinney appeared and participated in the hearings.
At the conclusion of the hearings, the magistrate issued findings of fact and conclusions of law, holding, inter alia, that Starla could not be placed with Kinney within a reasonable time and ultimately should not be placed with Kinney or the absent father. Pursuant to Juv.R. 40(E), Kinney filed objections with the juvenile court. The court reviewed a transcript of the proceedings, heard argument from counsel, and by entry affirmed the decision of the magistrate granting permanent custody to DJFS.
The termination of parental rights is governed by R.C. 2151.414. Before a juvenile court may terminate parental rights with regard to a child who is not abandoned or orphaned, it must apply a two-prong test. The juvenile court must find by clear and convincing evidence that it is in the best interest of the child to be placed in the permanent custody of the DJFS, pursuant to R.C. 2151.414(D), and that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E). See R.C. 2151.414(B). Permanent custody may not be granted unless the juvenile court finds clear and convincing evidence that one or more of the enumerated factors in R.C. 2151.414(E) exist. See In re William S. (1996), 75 Ohio St.3d 95, 661 N.E.2d 738, syllabus; see, also, In reSchmidt (1986), 25 Ohio St.3d 331, 496 N.E.2d 952.
Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368, 481 N.E.2d 613, 620-621, citing Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. Once the clear-and-convincing standard has been met to the satisfaction of the juvenile court, a reviewing court "must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." In re Adoption of Holcomb, 18 Ohio St.3d at 368,481 N.E.2d at 621.
The gravamen of Kinney's assignment of error is that the juvenile court and its magistrate gave undue weight to the prior actions of the Butler County authorities in reaching the decision to grant custody to DJFS. She claims that the paucity of factual material from Butler County did not support the conclusions reached by the magistrate. She urges that, in light of the five successful months of parenting she gave Starla in Butler County, the court should not have concluded that her mental conditions prevented her from being a good parent.
The magistrate heard the testimony of Joseph Cresci, M.D., a psychiatrist, and Charles Lee, Ph.D., a clinical psychologist. Dr. Cresci testified that because of her multiple psychiatric problems and her lack of parenting skills, Kinney could not meet the emotional, social, or intellectual needs of her children. Dr. Lee testified that Kinney suffered from mild to moderate mental retardation and was not competent to parent independently due to her cognitive limitations. He did note that Kinney might succeed in a co-parenting situation where she had the full-time assistance of another adult.
Michelle Engle, Kinney's social worker with the Butler County Children's Services Board since 1999, also testified. She recounted the parenting difficulties Kinney had experienced in Butler County. She also testified that Kinney might have been able to raise Starla if she received a stable income, supportive services, parenting training, and mental-health treatment.
Kinney herself testified at the hearing before the magistrate. In response to questions from the magistrate, her attorney, and her guardianad litem, Kinney stated that she had received all the parenting training and services that she needed in Butler County. She adamantly refused to cooperate with DJFS's further efforts in mental treatment or parenting training, as her past cooperation with children's services agencies had been used against her and would not aid her chances of regaining custody of her children.
There was clear and convincing evidence to support a termination of Kinney's parental rights. The juvenile court concluded that it was in the best interests of Starla to be committed to the permanent custody of DJFS. See R.C. 2151.414(D)(1), D(2), and (D)(4). Kinney's ongoing mental-health problems and her refusal to cooperate with DJFS in the resolution or alleviation of those problems, as well as her prior history of parenting difficulties in Hamilton and Butler Counties, could not be remedied within a reasonable time and would have placed Starla at risk. See R.C. 2151.414(E)(1), (E)(2), and (E)(4).
A judgment supported by some competent, credible evidence going to all the essential elements of the case or defense will not be reversed by a reviewing court as being against the manifest weight of the evidence. SeeMyers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; see, also,C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. When reviewing the weight of the evidence, we are guided by the principle that whether the case is "civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The rationale underlying this deference is that "the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276.
This record contains clear and convincing evidence to support the juvenile court's decision, including evidence of Kinney's mental difficulties, evidence of her past parenting failings, and evidence of her unwillingness or inability to substantially remedy these failings. See In re William S. (1996), 75 Ohio St.3d 95, 661 N.E.2d 738, syllabus; see, also, In re Adoption of Holcomb, 18 Ohio St.3d at 368,481 N.E.2d at 621, and In re Heston (1998), 129 Ohio App.3d 825, 828,719 N.E.2d 93, 95. The assignment of error is overruled.
Therefore, the judgment of the juvenile court granting permanent custody of Starla Kinney to DJFS is affirmed.
Judgment affirmed.
Doan, P.J., Gorman and Winkler, JJ.