OPINION
{¶ 1} Appellant Eric Roberts appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted permanent custody of his son, Damien Roberts, to Appellee Guernsey County Children Services Board ("GCCSB"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 19, 2003, Appellee GCCSB filed a complaint alleging Damien Roberts, age thirteen, was dependent and neglected. GCCSB was thereupon granted temporary custody. An adjudication hearing took place on June 16, 2003, at which time Damien's parents both entered an admission to the allegation of dependency. A judgment entry of dependency, with continued temporary custody to GCCSB, was issued on June 23, 2003.
 {¶ 3} Subsequently, GCCSB filed a motion for permanent custody. Following an evidentiary hearing on June 22, 2004, the trial court issued a judgment entry filed July 16, 2004, which granted permanent custody of Damien to GCCSB.
 {¶ 4} On August 13, 2004, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:[1]
 {¶ 5} "I. Appellant-father was deprived of his right to the effective assistance of counsel to his prejudice.
 I. {¶ 6} In his sole Assignment of Error, appellant contends he was deprived of his constitutional right to the effective assistance of counsel. We disagree.
 {¶ 7} "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." In re Wingo (2001),143 Ohio App.3d 652, 666, 758 N.E.2d 780, quoting In re Heston
(1998), 129 Ohio App.3d 825, 827, 719 N.E.2d 93. This Court has recognized "ineffective assistance" claims in permanent custody appeals. See, e.g., In re Utt Children, Stark App. No. 2003CA00196, 2003-Ohio-4576.
 {¶ 8} Our standard of review for an ineffective assistance claim is thus set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. Bradley at 142,538 N.E.2d 373.
 {¶ 9} In the case sub judice, it is undisputed that at the time of the permanent custody hearing, appellant was in jail in Oklahoma and was not due for release until July 4, 2004. Appellant essentially argues that his trial counsel was ineffective for not seeking the provision of an opportunity for appellant to participate in the dispositional aspect of the permanent custody hearing, which went forward in appellant's absence. Appellant further proposes that his trial counsel's only comments on his behalf were "damaging."
 {¶ 10} Upon review of the record, we are unpersuaded that appellant has met the second prong of the Strickland test, supra. The trial transcript indicates appellant did little or nothing to take advantage of his opportunity to visit or otherwise reunify with Damien during the periods of non-incarceration, nor did he comply with the case plan provisions for domestic violence counseling, professional counseling, and a drug and alcohol assessment. See Tr. at 40-41, 95. Thus, even if trial counsel was ineffective for not further pursuing a continuance or taking some other measure due to appellant's incarcerated status, appellant has failed to show a reasonable probability that the outcome of the proceeding would have been different had such hypothetical steps been taken. We are thus left with the unacceptable option of speculating as to evidence dehors the record, which we will not herein pursue. See, e.g.,State v. Lawless, Muskingum App. No. CT2000-0037, 2002-Ohio-3686, citingState v. Cooperrider (1983), 4 Ohio St.3d 226, 228.
 {¶ 11} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
Wise, J. Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
Costs to appellant.
[1] Appellant's motion to withdraw one of his original two Assignments of Error was granted on March 24, 2005.