[Cite as *In re S.D.*, 2011-Ohio-6630.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: S.D. | : | APPEAL NOS. C-110607 |
| | | C-100608 |
| | : | TRIAL NO. F09-0987 |
| | : | *O P I N I O N.* |
| | : | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Juvenile Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 23, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Geers,* Assistant Prosecuting Attorney, for Hamilton County Department of Job and Family Services,

*Shelia Kyle-Reno*, Hamilton County Public Defender, and *Miranda Tavares*, Assistant Hamilton County Public Defender for the Guadian ad Litem,

*Bernadette M. Longano,* for Appellant Kimberly Diallo,

*Timothy J. McKenna*, for Appellant Mama Diallo.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1}    In this appeal, Kimberly and Mama Diallo contest the decision of the Hamilton County Juvenile Court awarding permanent custody of their son, S.D., to the Hamilton County Department of Job and Family Services ("HCJFS").   For the following reasons, we affirm.

{¶2}    Before a juvenile court may terminate parental rights, it must apply a two-prong test. First the court must find that it is in the child's best interest to be placed in the permanent custody of the moving agency.   R.C. 2151.414(B)(1); R.C. 2151.414(D).  The second prong of the test requires the juvenile court to find one of four conditions listed in R.C. 2151.414(B)(1)(a) through (d).   Both prongs must be supported by clear and convincing evidence.   R.C. 2151.414(B)(1).   "Clear and convincing evidence" is evidence sufficient to create a "firm belief or conviction as to the allegations sought to be established."   *Cross v. Ledford* (1954) 161 Ohio St. 469, 120 N.E.2d 118.

{¶3}    Kimberly and Mama Diallo each separately raise the same assignment of error—namely that the juvenile court's decision to award permanent custody of their son to HCJFS was against the weight of the evidence or was not supported by sufficient evidence. In reviewing these arguments, we examine the record to determine if the court's decision meets the clear-and-convincing standard.   *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613; see, also, *In re Heston* (1998), 129 Ohio App.3d 825, 828, 719 N.E.2d 93.  We will not substitute our

judgment for that of the trial court where some competent and credible evidence supports the essential elements of the case. *In Re W.W.*, 1st Dist. Nos. C-110363 and C-110402, 2011-Ohio-4912, ¶46; *In re E.S.*, 1st Dist Nos. C-100725 and C-100747, 2011-Ohio-586, ¶3.

## Best Interest of the Child

{¶4}   In assessing the best interest of the child, the court must consider "all relevant factors" including (1) the child's interaction with parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child, (2) the wishes of the child, as expressed by the child or the child's guardian ad litem, (3) the custodial history of the child, and (4) the child's need for legally secure placement and whether that type of placement can be achieved without a grant of permanent custody.  R.C. 2151.414(D)(1)(a)-(d).

{¶5}   The record here indicates that the court considered all of these factors and that its decision was based upon clear-and-convincing competent, credible evidence.  Evidence adduced below demonstrated that S.D. had bonded with his foster family and that the same foster family had had continuous custody of S.D. since March 23, 2009, when S.D. was approximately three weeks old.  S.D.'s relationship with his parents was limited to weekly visits to which his parents were frequently late or missed, altogether.  S.D. was too young to express his wishes at the time of the hearing, but his guardian ad litem recommended permanent placement. And there was evidence admitted that S.D's foster family wished to adopt him.

## R.C. 2151.414(B)(1)(a)

{¶6}   As to the second prong of the test, in this case the court found that, under R.C. 2151.414(B)(1)(a) and based on the factors in R.C. 2151.414(E), S.D. could

3

not be placed with one of his parents within a reasonable time or should not be placed with either parent.

{¶7} Clear and convincing evidence supported the trial court's decision. S.D.'s foster-father testified that he and his wife had offered Kimberly visitation with her son in their home, but that she had never visited S.D. there. S.D.'s parents were late or absent from many of their supervised weekly visits. Throughout the two years that S.D. was in foster care, neither parent provided support except for a box of diapers, wipes, a coat and some shirts despite, being asked to do more. They did not acknowledge S.D. on holidays. See R.C. 2151.414(E)(4).

{¶8} Mama Diallo failed to complete any of his case plan recommended by HCJFS, including the AMENDS program, urine screenings, and parenting classes. The one urine screen he did submit to was positive for marijuana. Mama has had two drug-related convictions. See R.C. 2151.414(E)(1) and (E)(2).

{¶9} Kimberly Diallo missed therapy appointments and was terminated as a patient for lack of attendance. She completed parenting classes, but did not substantially comply with the balance of her case plan. See R.C. 2151.414(E)(1) and (E)(2).

{¶10} Based on this evidence, we hold that the trial court did not err in awarding permanent custody of S.D. to HCJFS. Kimberly and Mama Diallo's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.