OPINION JUDGMENT ENTRY
{¶ 1} Appellant Amber Mahley appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted legal custody of her two children to Appellee Joanne Kristbaum, the children's maternal grandmother. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 28, 2002, the Guernsey County Children's Services Board (GCCSB) filed a complaint and motion for emergency custody alleging that appellant's two children, Corey and Chantelle, were neglected and/or dependent. The concerns centered on poor sanitary and safety conditions in appellant's home, including large amounts of trash, soiled diapers strewn about the house, open bottles of alcoholic beverage on the coffee table, and a non-working toilet. The next day, the court dismissed the emergency custody motion, but granted temporary protective supervision to GCCSB. An adjudicatory and dispositional hearing was held on the complaint on April 22, 2002. On July 8, 2002, the children were found dependent, and protective supervision was maintained. A subsequent dispositional hearing was held on August 13, 2002, following which the court granted temporary custody to appellee-grandmother.
 {¶ 3} On October 3, 2002, the trial court issued an entry granting temporary custody of the children to appellant. However, on January 6, 2003, the court again granted temporary custody to appellee-grandmother.
 {¶ 4} GCCSB thereafter requested to terminate its protective supervision involvement in the case, which the court granted on March 17, 2003. Meanwhile, on March 12, 2003, appellant filed a motion to terminate appellee's temporary custody and to return custody to appellant. On April 8, 2003, appellee-grandmother filed her own motion for legal custody. Following an evidentiary hearing on the competing motions, the court awarded legal custody to appellee via an amended judgment entry filed September 16, 2003, finding such legal custody to be in the children's best interest.
 {¶ 5} Appellant timely appealed, and herein raises the following three Assignments of Error:
 {¶ 6} "I. Appellant was deprived of her right to the effective assistance of counsel with the result that highly prejudicial evidence was introduced against her.
 {¶ 7} "II. The judgment of the trial court was against the weight of the evidence and an abuse of discretion.
 {¶ 8} "III. The court erred by failing to make a finding that the children cannot or should not be returned home with an order for protective supervision prior to awarding legal custody to the non-parent who had temporary custody."
 I {¶ 9} In her First Assignment of Error, appellant contends she was deprived of the effective assistance of counsel.
 {¶ 10} "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." In re Wingo (2001), 143 Ohio App.3d 652, 666, quotingIn re Heston (1998), 129 Ohio App.3d 825, 827. We have similarly addressed "ineffective assistance" claims in permanent custody appeals. See, e.g., In re: Utt Children, Stark App. No. 2003CA00196, 2003-Ohio-4576. However, the procedural history of the case sub judice reveals that GCCSB's motion to terminate its protective supervision involvement in the case was granted on March 17, 2003. On August 12, 2003, the court heard evidence on both appellant's motion to restore custody and appellee's motion for custody. As such, the matter had evolved at that point into competing private motions between the mother and grandmother for custody of the two children, rather than an attempt by the State, via GCCSB, to terminate parental rights. Cf. In re L.S.,152 Ohio App.3d 500, 511, 2003-Ohio-2045. In addition, the judgment entry under appeal sets the matter for a future review hearing no later than August 11, 2004, further distancing this matter from the typical permanent custody scenario under which Ohio appellate courts have recognized the assertion of ineffective assistance claims.
 {¶ 11} Therefore, we find no merit in appellant's attempt to invoke a claim of denial of the effective assistance of trial counsel under these circumstances. Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 12} In her Second Assignment of Error, appellant contends the trial court's judgment was against the manifest weight of the evidence and an abuse of discretion. We agree in part.
 {¶ 13} In reviewing a manifest weight of the evidence claim, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279. However, the crux of appellant's argument herein is that the trial court solely used a "best interest" standard, rather than determining whether or not appellant was an unfit parent.
 {¶ 14} In In re Perales (1977), 52 Ohio St.2d 89,369 N.E.2d 1047, the Supreme Court of Ohio reviewed a child custody proceeding between a parent and a nonparent and held as follows at the syllabus: "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."
 {¶ 15} Appellee responds by citing In re D.R. (2003),153 Ohio App.3d 156, for the proposition that the requirement ofPerales, i.e., that a trial court first find a parent unsuitable before awarding legal custody of the child to a nonparent, does not apply to dispositional hearings following an adjudication that the child is abused, dependent, or neglected. Id. at 159. However, under the unusual procedural circumstances of this case, as hereinbefore noted, the dependency action filed by GCCSB essentially "evolved" into a private custody matter between mother and grandmother, with a withdrawal by GCCSB from supervision and participation (other than the appearance of a caseworker for testimony). Under these circumstances, we do not find the custody hearing at issue constituted a true dispositional hearing as envisioned by R.C. 2151.353. Therefore, since this matter was removed from the strictures of a formal dependency action by the State, the Perales standard requiring appellee-grandmother to show mother's unfitness must be recognized.
 {¶ 16} We hold that the trial court abused its discretion in granting custody to appellee absent a finding of parental unsuitability or unfitness under the circumstances of this case. Appellant's manifest weight claim is therefore premature. Appellant's Second Assignment of Error is therefore sustained in part.
 III {¶ 17} In her Third Assignment of Error, appellant contends the trial court erred in failing to make a finding that the children could not or should not be returned to her, under protective supervision by GCCSB. We disagree.
 {¶ 18} Appellant directs us to R.C. 2151.417(G), which reads in pertinent part as follows:
 {¶ 19} "(G) After the review hearing, the court shall take the following actions based upon the evidence presented:
 {¶ 20} "* * *
 {¶ 21} "(3) If the child is in temporary custody, do all of the following:
 {¶ 22} "(a) Determine whether the child can and should be returned home with or without an order for protective supervision;
 {¶ 23} "(b) If the child can and should be returned home with or without an order for protective supervision, terminate the order for temporary custody;
 {¶ 24} "(c) If the child cannot or should not be returned home with an order for protective supervision, determine whether the agency currently with custody of the child should retain custody or whether another public children services agency, private child placing agency, or an individual should be given custody of the child."
 {¶ 25} Upon review of the aforesaid provision, we find appellant's reading of the statute is out of context. The "review hearing" prerequisite mentioned in R.C. 2151.417(G) refers to the standard post-dispositional review processes, and R.C.2151.417(G)(3)(c) clearly envisions cases where "the agency" is still involved in the case. In the matter sub judice, as previously noted, GCCSB was no longer a participant in the case at the time of the custody hearing at issue, thus rendering the R.C. 2151.417(G)(3)(a) "can and should be returned home" finding unnecessary.
 {¶ 26} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Hoffman, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.