OPINION
{¶ 1} Tonia Silverthorn, the natural mother of Brandon, Thomas, and Logan Palmer appeals a judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, which gave legal custody of Logan Palmer to his aunt Victoria Akers. The court placed the minor child Thomas Palmer in the legal custody of his father, and appellant received legal custody of Brandon. The court ordered appellee Muskingum County Children's Services to provide protective supervision in appellant's home. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING CUSTODY TO APPELLEES ABSENT A FINDING OF PARENTAL UNSUITABILITY OR UNFITNESS UNDER PERALES WHEN THE DISPOSITIONAL HEARING EVOLVED INTO A PRIVATE CUSTODY DISPUTE REMOVED FROM THE FORMAL NATURE OF A TRUE DISPOSITIONAL HEARING.
 {¶ 3} "II. APPELLANT CONTENDS THAT SHE WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL. THE TRIAL COURT ACCORDINGLY COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 4} The record indicates appellant and her husband David Silverthorn had custody of five children: Brandon, Thomas, and Logan Palmer, and Tyler and Spencer Silverthorne. Appellee Michael Palmer is the father of Brandon and Thomas Palmer. James Lewis is the father of Logan Palmer. Appellee Victoria Akers is James Lewis' sister and Logan's aunt. David Silverthorn is the father of Tyler and Spencer Silverthorn. Appellant is not the Silverthorn children's mother.
 {¶ 5} On September 30, 2005, Muskingum County Children's Services filed a complaint alleging Brandon, Thomas, and Logan Palmer were abused and dependent. Children's Services filed a companion complaint alleging Tyler and Spencer Silverthorn were abused and dependent. Children's Services requested the court order protective supervision over all five children, or in the alternative, temporary custody of Brian and Thomas to their father and temporary custody of Logan Palmer and the Silverthorn children to Children's Services.
 {¶ 6} Thereafter, James Lewis and Victoria Akers filed motions requesting legal custody of Logan, and Michael Palmer requested legal custody of his sons Brandon and Thomas Palmer. Appellant and her husband wanted all five of the children returned to their household. The mother of the Silverthorn children did not appear in the case or request custody or parenting time.
 {¶ 7} On December 19, 2005, the court held adjudicatory and dispositional hearings. The trial court found all five children to be dependent. The court then heard arguments from the parties regarding disposition of the children. The court took the matter under advisement and scheduled an in camera interview of all the children for the next day, December 20, 2005.
 {¶ 8} Appellant filed a motion to re-interview the minor children on or about December 29, 2005, but the court overruled the motion. On January 10, 2006, the court issued its decision and awarded custody to the various parties. Appellant moved for findings of fact and conclusions of law on January 17, 2006. The court ordered appellant to file proposed findings of fact and conclusions of law within 14 days. Appellant did not file proposed findings of fact and conclusions of law but filed a motion for judgment notwithstanding the verdict and a motion for new trial. The court overruled both motions.
 I. {¶ 9} The first assignment of error is addressed to the court's award of legal custody of Logan Palmer to his aunt Victoria Akers. Appellant argues in a custody dispute between a parent and a non-parent, the juvenile court may not award custody to a non-parent without first making a finding of parental unsuitability pursuant to In Re: Perales (1977),52 Ohio St. 2d 89, 369 N.E. 2d 1047. The Perales court held: "In an R.C.2151.23 (A)(2) child custody proceeding between a parent and a non-parent, the hearing officer may not award custody to non-parent without first making a finding of parental unsuitability-that is, without first determining that the preponderance of the evidence shows the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that award of custody to the parent would be detrimental to the child." Syllabus by the court.
 {¶ 10} Appellant urges the custody dispute over Logan was really between appellant and the child's parental aunt, because Children's Services never sought custody of Logan. Appellant cites us to In the Matter: Cory Mahley and Chantelle Mahley,Dependant Children, Guernsey Appellate No. 03CA23,2004-Ohio-1772. In Mahley, Children's Services filed the original action, but moved to terminate its involvement later. At some point, both the children's mother and grandmother filed motions for custody. This court found the matter was no longer an attempt by the State to terminate the mother's parental rights, and it had evolved into competing private motions between the mother and grandmother. We found under these circumstances, the court should have followed the dictates of Perales and determined whether the mother was unsuitable before awarding custody of the children to a non-parent.
 {¶ 11} After our decision in the Mahley case, the Ohio Supreme Court decided In Re: C.R. 108 Ohio St. 3d 369,2006-Ohio-1191, 843 N.E. 2d 1188. In this case the Ohio Supreme Court held when a juvenile court finds a child to be abused, neglected or dependent in the adjudication hearing, it has no duty in the dispositional hearing to make a separate finding the parent is unsuitable before awarding legal custody to a non-parent.
 {¶ 12} Appellant urges the Supreme Court's holding in In Re:C.R. is distinguishable from the case at bar, and our decision in Mahley is still valid and applicable.
 {¶ 13} We find this case is distinguishable from Mahley
because in this case Children's Services did not completely withdraw from the case, as did the agency in Mahley. Children's Services asked the court to order protective supervision to the family. Accordingly, the holding in In Re: C.R. is controlling, and we find the trial court was not required to make a separate finding of unsuitability before it awarded legal custody to appellee.
 {¶ 14} Finally, appellant argues the trial court's disposition of the five children is inherently inconsistent. Thomas Palmer was removed from the home and placed with his father, and Logan was placed with his aunt, but Brandon Palmer and the two Silverthorn children returned to appellant's home. Appellant argues taking custody of two children but allowing three others back to her home is inconsistent.
 {¶ 15} What is appropriate for one child is not necessarily the best arrangement for a sibling. We have reviewed the record, and we find there was evidence before the trial court that it would be in the best interest of Thomas and Logan to be placed with other parties rather than returned to appellant's home.
 {¶ 16} The first assignment of error is overruled.
 II. {¶ 17} In her second assignment of error, appellant argues she was deprived of the effective assistance of counsel, and for this reason, the court should have sustained her motion for a new trial.
 {¶ 18} In Mahley, this court found the test for effective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent involuntary termination of parental custody, Mahley at paragraph 10.
 {¶ 19} In the case at bar, Children's Services never requested the court to terminate appellant's parental rights. The issue was legal custody, and appellant retains residual rights in her children, In re: C.R., supra. The court ordered appellant have standard visitation with Logan.
 {¶ 20} We find the test for ineffective assistance of counsel as used in criminal cases is inapplicable to this action. Further, the record does not substantiate appellant's assertion trial counsel was ineffective.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed. Costs to appellant.