OPINION
{¶ 1} Appellant appeals the November 9, 2004, decision of the Stark County Court of Common Pleas, Juvenile Division, granting Appellee Stark County Department of Job and Family Services' ("SCDJFS") motion for permanent custody.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 12, 2002, Appellee, the Stark County Department of Job and Family Services (SCDJFS), filed a complaint for temporary custody of Zachary Lewis, born June 9, 1999, alleging the child to be neglected, abused and/or dependent. Mother of the child is appellant, April Louk. A hearing was held and by judgment entry filed March 3, 2003, the trial court found the child to be an abused child, and granted appellee temporary custody of the child.
 {¶ 3} On October 1, 2003, SCDJFS filed a Motion to Extend Temporary Custody of Zachary Lewis. On November 6, 2003, the Court granted an extension of temporary custody to SCDJFS, maintaining Zachary in the temporary custody of SCDJFS until June 14, 2004.
 {¶ 4} On May 6, 2004, appellee SCDJFS filed a motion for permanent custody. A trial was held on October 28, 2004.
 {¶ 5} By judgment entry filed November 9, 2004, the trial court granted appellee permanent custody of the child. Findings of fact and conclusions of law were filed same date.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 7} "I. The trial court committed error when it granted stark county department of jobs family services the motion for permanent custody and terminated the parental rights of the appellant because the decision is against the manifest weight of the evidence."
 I. {¶ 8} Appellant claims the trial court's granting of permanent custody to appellee was against the manifest weight of the evidence. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 10} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. The statute provides as follows:
 {¶ 11} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 12} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 13} "(b) The child is abandoned.
 {¶ 14} "(c) The child is orphaned, and there is no relatives of the child who are able to take permanent custody.
 {¶ 15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 16} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 17} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 18} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 19} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 20} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 21} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 22} In the case sub judice, under R.C. 2151.414(B)(1), the trial court found the minor child had been in the temporary custody of SCDJFS for twelve of the past consecutive twenty-two months. The trial court also found the minor child cannot and should not be placed with appellant in a reasonable time. Either of these findings, if supported by the evidence, are sufficient to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1).
 {¶ 23} On appeal, appellant only challenges the trial court's determination that the minor child cannot or should not be placed with her in a reasonable time. We find it unnecessary to address appellant's argument concerning whether the child can be placed with her within a reasonable time because the record supports the trial court's other conclusion that the minor child has been in the temporary custody of the agency for more than twelve out of the last twenty-two months pursuant to R.C. 2151.414(B)(1)(d).
 {¶ 24} Thus, having made this finding, which is supported by the record, it was not necessary for the trial court to also make a finding that the minor child could not be returned within a reasonable time. SeeIn re Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, at ¶ 26.
 {¶ 25} Based on the above, we find the trial court's judgment was not against the manifest weight of the evdence.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Boggins, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.