[Cite as *In re K.H.*, 2014-Ohio-1594.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Willam B. Hoffman. P.J. |
| K.H. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 13-CA-100 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County
Court of Common Pleas, Juvenile
Division, Case No. C2010-0314

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        April 11, 2014

APPEARANCES:

For Plaintiff-Appellee

JENNA E. JOSEPH
Assistant Prosecuting Attorney
for Licking County Dept. of Job
and Family Services
20 S. Second Street, Fourth Floor
Newark, OH 43055

For Defendant-Appellant E.F.

JOHN D. WEAVER
542 S. Drexel Ave
Bexley, OH 43209

*Baldwin, J.*

{¶1}    Appellant E.F., the natural father of K.H., appeals a judgment of the Licking County Common Pleas Court, Juvenile Division awarding permanent custody of his son K.H. to appellee Licking County Department of Job and Family Services.

STATEMENT OF FACTS AND CASE

{¶2}    K.H. was born on April 22, 2010.  K.H. was born with methadone in his system, and was placed in foster care when he was released from the hospital following his birth.   He was placed in emergency shelter care on April 28, 2010.  He was found to be abused and dependent on July 14, 2010, and appellee was awarded temporary custody of K.H.  Appellee filed a motion for permanent custody on July 22, 2011.

{¶3}    Appellant lives with A.H., the natural mother of K.H., at her parents' home. A.H. did not actively contest the motion for permanent custody.   Appellant did not make substantial progress on the case plan.  He worked part-time as a tree trimmer, with only sporadic income.  He does not have a high school diploma or a GED, and does not have a valid driver's license.  He did not pay rent to A.H.'s parents, nor did he pay for utilities.  He has an older child for whom he is delinquent on child support.

{¶4}    After a successful release from substance abuse counseling on September 9, 2010, appellant relapsed and tested positive for cocaine on May 12, 2011.  He conceded that after the positive test, he did not go back to the treatment program.  He had two positive drug tests for cocaine and failed to appear for a drug test on four occasions.  According to the terms of his case plan, failure to comply with a random drug screening is considered to be a positive drug test.  He was unsuccessfully discharged from parenting skills classes.

{¶5}    Appellant and A.H. were inconsistent as to supervised visitation with K.H. The caseworker became concerned about E.F. when he appeared for visits once with black eyes and once with stab marks on his face.  He also made threatening comments to the caseworker.

{¶6}    After a hearing before a magistrate on the motion for permanent custody, the magistrate found that appellant was incapable of parenting the child in the foreseeable future, and that permanent custody was in the best interest of K.H.  After objections were filed to the magistrate's decision, the trial court entered judgment awarding permanent custody of K.H. to appellee.  The court expressed concerns with the fact that A.H. was not interested in regaining custody of K.H. while appellant wanted custody of K.H., yet the two of them continued to reside together in the home of A.H.'s parents.

{¶7}    Appellant assigns the following error on appeal:

{¶8}    "I.        APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

{¶9}    "Where the proceeding contemplates the loss of parents' 'essential' and 'basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." *In re Wingo*, 143 Ohio App.3d 652, 666, 758 N.E.2d 780 (2001), quoting *In re Heston,* 129 Ohio App.3d 825, 827, 719 N.E.2d 93 (1993). This Court has recognized ineffective assistance claims in permanent custody appeals. See, e.g., *In re Utt Children,* 5th Dist. Stark App.No.2003CA00196, 2003–Ohio–4576.

{¶10}   A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonable representation and that but for counsel's error, the result of the proceedings would have been different.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.   *Id.*

{¶11}   Appellant argues that counsel was ineffective for failing to file a writ of procedendo due to the court's delay in issuing a decision in the instant case.  R.C. 2151.414(A)(2) sets forth the following time guidelines:

{¶12}   "(2) The court shall hold the hearing scheduled pursuant to division (A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion. . . .The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."

{¶13} The motion for permanent custody was filed on July 25, 2011, and the hearing was held on October 18, 2011. Therefore, the hearing was held within 120 days after appellee filed the motion for permanent custody. However, while the magistrate issued a decision on October 26, 2011, the trial court did not enter judgment granting the motion for permanent custody until October 1, 2013, more than two hundred days after the motion was filed.

{¶14} Because the time provisions of R.C. 2151.414(A)(2) are directory and not mandatory, the Ohio Supreme Court has held that a litigant must seek a writ of procedendo against the juvenile court if it does not comply with these time limits. *In re Davis*, 84 Ohio St. 3d 520, 523-524, 1999-Ohio-0419. If a party does not seek such a writ, he is stopped from arguing on appeal that delay by the juvenile court violated his due process rights. *Id.* at 524.

{¶15} Appellant argues that due to the delay in the instant case, if counsel had filed a writ of procedendo, the motion for permanent custody would have been denied based on a denial of appellant's due process rights. Appellant cites to *In re Omosun Children*, 106 Ohio App. 3d 813, 818, 667 N.E. 2d 431, where the Eleventh District stated, "Twenty-eight months of limbo in a juvenile dispositional hearing is, in our opinion, a per se due process violation, barring extraordinary circumstances." Appellant argues that the delay from the July 25, 2011 filing of the motion for permanent custody to the decision on October 1, 2013, is similarly a per se denial of due process, and because any error has been waived by counsel's failure to preserve the issue by filing a writ of procedendo, his counsel was ineffective.

{¶16}  In considering a similar argument to that made by appellant concerning the *Omosun* case, the Seventh District stated:

{¶17}  "As for appellant's quote from *Omosun,* we note that the quote was made in response to a trial court that waited twenty-eight months after the dispositional hearing to file the dispositional order which was required to be filed within seven days of the hearing and which contained a conclusion that was against the manifest weight of the evidence. Here, the magistrate's order was entered immediately after the hearing. Regardless, *Omosun* has been overruled by the Ohio Supreme Court in the case of *In re Davis* (1999), 84 Ohio St.3d 520, 705 N.E.2d 1219, where the Court specifically addressed an appeal that had been certified as being in conflict with *Omosun.* In that case, the Court found that where a juvenile judge waited eighteen months to release its dispositional order, the parties could not complain of prejudice or due process violations on appeal where the time limit section of the statute does not specifically provide a remedy; rather, the proper avenue would have been to file a writ of procedendo to force the judge to discontinue the unnecessary delay. *Id.* at 524, 705 N.E.2d 1219. As such, it appears to this court that, although a speedier process would have been preferable, we cannot reverse the trial court's grant of continuances under the circumstances." *In the Matter of Joseph Hess,* 7th Dist. Jefferson No. 02 JE 37, 2003-Ohio-1429, ¶40.

{¶18}  It is not clear from the record what caused the delay from the entry of the magistrate's decision on October 26, 2011, to the entry of the trial court's judgment on October 1, 2013.  However, appellant has not demonstrated prejudice from the delay. While the filing of a writ of procedendo may have forced the judge to act in a timely fashion, the record does not establish that the result of the proceeding would have been

different. The record contains abundant evidence to support the magistrate's decision and the court's judgment that K.H. could not be placed with appellant in the foreseeable future and that permanent custody was in K.H.'s best interest. The case plan required appellant to obtain and maintain stable income and housing. He was to complete parenting classes and successfully complete a drug and alcohol assessment at LAPP. He was required to complete drug and alcohol screens on the day of the request, and if he failed to do so the missed screen would be considered a positive drug test. Appellant was successful initially in the LAPP program, but after a positive cocaine test did not return. He had two positive drug screens and missed four screens. He did not have stable income, did not pay rent or utilities, and continued to live with A.H. in the home of her parents. He did not complete parenting classes. He was also unsuccessfully discharged from a parenting mentor program because the mentor was unable to contact him. While filing a writ of procedendo may have resulted in an earlier decision by the court, appellant has not demonstrated that his due process rights were violated by the delay or that the result of the proceeding would have been different.

{¶19}   The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.