[Cite as *In re M.C.*, 2016-Ohio-8294.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF | : | Case No. 16CA3755 |
| M.C., A.C., AND J.C. | : | DECISION AND |
| Adjudicated Dependent Children | | JUDGMENT ENTRY |
| | : | |
| | | **RELEASED: 12/19/16** |

_____

APPEARANCES:

Robert M. Johnson, Portsmouth, Ohio, for appellant.

David M. Huddleston, New Boston, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Nicole Blackburn and Jason Campbell are the parents of three minor children, M.C., A.C., and J.C.  After the trial court adjudicated the children to be dependent, the Scioto County Children Services Board ("board"), filed a motion for permanent custody.  The trial court conducted a hearing on the motion and granted it.

{¶2}    Blackburn initially asserts that the trial court failed to comply with the R.C. 2151.414(A)(2) time requirements by not holding the permanent custody hearing within 120 days of the board's filing of the motion for permanent custody, and by not ruling on the motion within 200 days of its filing, thereby depriving her of due process.  We reject Blackburn's assertion because the trial court properly continued the hearing for good cause; and R.C. 2151.414(A)(2) expressly states that the failure to meet these deadlines does not provide a basis for attacking the jurisdiction of the court or the validity of any order. The availability of the writ of procedendo satisfies any due process concerns.

{¶3}    Blackburn next contends that her trial counsel's failure to object to the trial court's violations of R.C. 2151.414(A)(2) constituted ineffective assistance.  Because she has not established that her counsel's failure to object on this basis constituted deficient performance or prejudiced her, we reject her contention.

{¶4}    Therefore, we affirm the judgment of the trial court awarding permanent custody of the children to the board.

## I. FACTS

{¶5}    After Blackburn and Campbell went to prison for their convictions for child endangerment, their children were placed in the home of their paternal aunt and her son.  In November 2014, the board filed a complaint in the Scioto County Court of Common Pleas, Juvenile Division requesting temporary custody because the children were allegedly abused and dependent. The trial court granted temporary emergency custody of the children to the board.  In March 2015, by agreement of the parties, the trial court adjudicated the children to be dependent and continued the award of temporary custody of the children to the board.

{¶6}    In August 2015, the board filed a motion for permanent custody of the children.  The board noted that Blackburn and Campbell were in prison for child endangerment of their children, that they had prior child endangerment convictions regarding the two older children, and that they were not due for release from prison until April 2017.  The trial court scheduled a hearing on the motion for October 1, 2015.  On September 30, the day before the scheduled hearing, Lois Rhea, the paternal grandmother of the children, filed a petition for custody of the children.

**{¶7}** The trial court granted the parents' motion to continue the hearing on the board's motion for permanent custody so that the guardian ad litem and the board could investigate Rhea's request for custody. It rescheduled the matter for hearing on December 7, 2015. However, on that date the trial court continued the hearing because Campbell had not been transported from prison to attend the hearing as ordered by the court. The trial court rescheduled the matter for March 7, 2016.

**{¶8}** Following the hearing the trial court entered a judgment on March 30, 2016 awarding permanent custody of the children to the board. The trial court found that both parents had been convicted of twice committing abuse against their two older children and once committing abuse against their youngest child, that the likelihood of recurrence created a significant threat to the children's safety, and that due to their incarceration, the parents could not begin to repair their relationships with the children for quite some time. The court determined that it was in the best interests of the children to grant permanent custody to the board.

## II. ASSIGNMENTS OF ERROR

**{¶9}** Blackburn assigns the following errors for our review:

I. THE TRIAL COURT FAILED TO COMPLY WITH O.R.C. 2151.414(A)(2) BY NOT HOLDING THE PERMANENT CUSTODY HEARING WITHIN 120 DAYS OF THE FILING OF THE MOTION FOR PERMANENT CUSTODY AND BY NOT ISSUING AN ORDER REGARDING PERMANENT CUSTODY WITHIN 200 DAYS OF THE FILING OF THE MOTION FOR PERMANENT CUSTODY, THEREBY DEPRIVING APPELLANT OF DUE PROCESS.

II. THE ACTS OR OMISSIONS OF TRIAL COUNSEL FOR APPELLANT DEPRIVED HER OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

## III. LAW AND ANALYSIS

### A. R.C. 2151.414(A)(2) Time Periods

{¶10}  In her first assignment of error Blackburn asserts that the trial court erred by failing to comply with the R.C. 2151.414(A)(2) time requirements to conduct a hearing and to issue a ruling on a motion for permanent custody.

{¶11}  R.C. 2151.414(A)(2) provides:

> The court shall hold the hearing scheduled pursuant to division (A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion.
>
> * * *
>
> The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.

{¶12}  R.C. 2151.414(A)(2) generally requires that the permanent custody hearing be held within 120 days of the date the agency files the motion for permanent custody, and that the trial court issue an order disposing of the motion within 200 days after the filing of the motion.  The trial court held the hearing on the board's motion for permanent custody 216 days after the motion was filed and ruled on the motion 239 days after the filing date.

{¶13}  Nevertheless, R.C. 2151.414(A)(2) provides that the trial court may continue the hearing for good cause shown. Here the trial court initially did so based on the parents' own motion for a continuance because of the children's paternal grandmother intervening petition for custody. The court also subsequently granted a continuance because the father had not been transported from prison to the hearing

scheduled in December 2015.  Blackburn does not specifically contest the board's claim that the court properly continued the hearings.

**{¶14}**  Moreover, even assuming that the trial court erred in continuing the hearings on the board's motion for permanent custody and in ruling on the motion, R.C. 2151.414(A)(2) expressly states that "[t]he failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."  Based on this express language, courts, including this one, have held that these time periods are not jurisdictional and that noncompliance with them do not warrant reversal or dismissal of a permanent custody award.  *See In re M.W.*, 8th Dist. Cuyahoga Nos. 98214 and 98215, 2012-Ohio-5075, ¶ 21 ("The final paragraph of R.C. 2151.414(A)(2) establishes that the statutory time limits set forth in the first paragraph do not deprive the juvenile court of jurisdiction to issue an order beyond those time frames"); *In re M.W.*, 9th Dist. Wayne No. 08CA0020, 2008-Ohio-4499, ¶ 24 ("Ohio courts have routinely held that these time periods are not jurisdictional and do not require a reversal or dismissal"); *In re B.L.*, 10th Dist. Franklin No. 04AP-1108, 2005-Ohio-1151, ¶ 8 ("this court has previously held that the failure to meet the 200-day timeframe contained in R.C. 2151.414(A)(2) does not provide a basis for attacking the validity of the judgment"); *In re Alberry*, 4th Dist. Hocking No. 05CA12, 2005-Ohio-6529, ¶ 28 ("Even if the trial court erred by permitting the hearing to occur beyond the time period set forth in R.C. 2151.414(A)(2), that error is not reversible"); *In the Matter of Hare*, 4th Dist. Scioto No. 97CA2532, 1998 WL 118039, *3 (Mar. 2, 1998) ("The two hundred (200) day time limit for deciding a motion

for permanent custody under this statute simply cannot be used as a basis for reversing the judgment below").

**{¶15}** Because these time limits are directory rather than mandatory, the remedy for a party aggrieved by a judge's delay in conducting a hearing and ruling on a motion for permanent custody is to petition an appellate court for a writ of procedendo to compel action; a failure to do so constitutes a waiver of the issue for purposes of appeal. *M.W.*, 2012-Ohio-5075, at ¶ 22; *see also In re M.G.*, 5th Dist. Richland No. 16CA18, 2016-Ohio-5256, ¶ 37. Blackburn did not seek a writ of procedendo or object to any alleged delay by the trial court, nor did she raise a due process challenge below. Thus, despite her attempt to frame her appeal in constitutional terms, she forfeited that issue on appeal. Moreover, the availability of the procedendo remedy adequately protects her due process rights. *See, e.g., In re K.H.*, 5th Dist. Licking No. 13-CA-100, 2014-Ohio-1594, ¶ 17.

**{¶16}** Blackburn has not established a violation of R.C. 2151.414(A)(2) when good cause existed for the trial court to continue the proceeding on the board's motion for permanent custody. And, she has not established entitlement to a remedy warranting reversal of the trial court's judgment when any purported violation of the statute would not impact the validity of the court's order, or the availability of a writ to address her due process concerns. Therefore, we overrule her first assignment of error.

B.  Ineffective Assistance of Counsel

{¶17} In her second assignment of error Blackburn contends that her trial counsel provided ineffective assistance by failing to object to the trial court's noncompliance with the time requirements of R.C. 2151.414(A)(2).

{¶18} " 'The right to counsel, guaranteed in permanent custody proceedings by R.C. 2151.352 and by Juv.R. 4, includes the right to the effective assistance of counsel.' " *In re K.M.D.*, 4th Dist. Ross No. 11CA3289, 2012-Ohio-755, ¶ 60, quoting *In re A.C.H.*, 4th Dist. Gallia No. 11CA2, 2011-Ohio-5595, ¶ 50. " 'Where the proceeding contemplates the loss of parents' 'essential' and 'basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody.' " *In re Wingo*, 143 Ohio App.3d 652, 666, 758 N.E.2d 780 (4th Dist.2001), quoting *In re Heston*, 129 Ohio App.3d 825, 827, 719 N.E.2d 93 (1st Dist.1998).

{¶19} The appellant must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial. *See K.M.D.* at ¶ 61. Deficient performance is performance falling below an objective standard of reasonable representation, and prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See, e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶20} Blackburn argues that her trial counsel's performance was deficient because counsel failed to object to the trial court's purported noncompliance with R.C. 2151.414(A)(2) and that this "clearly prejudiced" her because it denied her right to

procedural due process.  Blackburn's argument is meritless.  Her ineffective-assistance claim is premised on the purported statutory and due process violations we rejected in her first assignment of error. Counsel cannot be deficient for failing to assert a futile claim. *See Wellston v. Lambert*, 4th Dist. Jackson No. 94CA743, 1995 WL 470157, *3 (Aug. 4, 1995) ("an unreported decision in another appellate district is not binding on this Court").  Moreover, the solitary case she cites in support of her claim, *In re Sox*, 7th Dist. Mahoning No. 06 MA 35, 2006-Ohio-7116, is not binding upon courts in this district. *See State v. Plymale*, 4th Dist. Gallia No. 15CA1, 2016-Ohio-3340, ¶ 46.

**{¶21}**  Notably, Blackburn and Campbell, the children's parents, requested the first continuance of the trial court's hearing to give the guardian ad litem and the board time to investigate the petition for custody of the children filed by Campbell's mother. And the second continuance was necessitated by the absence of Campbell from the hearing.  Instead of prejudicing Blackburn's case, the additional time gave her and Campbell more time to prepare for the permanent-custody proceeding.  *See M.G.*, 2016-Ohio-5256, at ¶ 38 ("The additional time involved in the instant case allowed for a full consideration of all the evidence presented, and appellant has not demonstrated that the result of the proceeding would have been different had trial counsel filed a writ to force an earlier hearing and decision").

**{¶22}**  Blackburn has not met her burden of proving that her trial counsel was ineffective for failing to object to the court's purported noncompliance with R.C. 2151.414(A)(2).  In fact, the record establishes that the trial court complied with the statute by continuing the matter for good cause.  And the writ of procedendo was available to satisfy her due process concerns. Given the facts here, counsel was not

deficient in choosing not to file an application for the writ. We overrule Blackburn's second assignment of error.

## IV. CONCLUSION

**{¶23}** The trial court's permanent-custody award was not invalidated by any claimed failure to comply with the time requirements of R.C. 2151.414(A)(2). Having overruled Blackburn's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**