[Cite as *In re B.F.*, 2020-Ohio-3086.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:                                                    CASE NO. 9-19-77

    B.F.,

[JASON COYKENDALL - APPELLANT]          O P I N I O N


IN RE:                                                    CASE NO. 9-19-78

    J.F.,

[JASON COYKENDALL - APPELLANT]          O P I N I O N


**Appeals from Marion County Common Pleas Court
Family Division
Trial Court Nos. 2017 AB 00137 and 2017 AB 00138**

**Judgments Affirmed**

**Date of Decision:  May 26, 2020**


**APPEARANCES:**

    *Emily P. Beckley* **for Appellant**

    *Justin Kahle* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Appellant Jason Coykendall ("Coykendall") appeals the judgments of the Family Division of the Marion County Court of Common Pleas, alleging that the trial court failed to comply with the statutorily recommended timeframes for issuing orders granting permanent custody. For the reasons set forth below, the judgments of the trial court are affirmed.

*Relevant Facts and Procedural History*

{¶2} Coykendall is the father of B.F. and J.F. Doc. A4, B4.[1] On June 14, 2017, Marion County Children Services ("MCCS") filed motions for ex parte emergency orders for B.F. and J.F. Doc. A1, B1. The trial court granted these motions on June 14, 2017. Doc. A2, B2. On June 21, 2017, MCCS filed a complaint that alleged B.F. and J.F. were dependent children. Doc. A4, B4. On September 12, 2017, MCCS refiled these complaints due to issues with service. Doc. A24, B24.

{¶3} There was an adjudicatory hearing on these complaints on October 16, 2017. Doc. A33, B33. On November 13, 2017, the trial court found that B.F. and J.F. were dependent children. Doc. A33, B33. On January 2, 2018, there was a dispositional hearing. Doc. A38, A33, B33, B38. On January 30, 2018, the trial

---

[1] Docket numbers preceded by the letter "A" refer to the docket for *In re B.F.*, which is Case No. 17-AB-137 and Appeal No. 9-19-77. Docket numbers preceded by the letter "B" refer to the docket for *In re J.F.*, which is Case No. 17-AB-138 and Appeal No. 9-19-78.

court issued a judgment entry that ordered temporary custody to remain with MCCS. Doc. A39, B37.

{¶4} On August 31, 2018, MCCS filed a motion for permanent custody for B.F. and J.F. Doc. A50, B44. On December 6, 2018 and December 27, 2018, the trial court held hearings on these motions. Doc. A92, B81. On September 9, 2019, the trial court issued an order granting MCCS's motions for permanent custody. Doc. A92, B81. The record indicates that Coykendall received notice of this final appealable order on October 28, 2019. Doc. A96, A98, B83, B85.

*Assignment of Error*

{¶5} The appellant filed his notices of appeal on November 12, 2019. Doc. A98, B85. On appeal, Coykendall raises the following assignment of error:

**The trial court erred in not issuing a judgment entry pursuant to R.C. 2151.414(A)(2).**

Coykendall only argues that the orders granting the motions for permanent custody should be vacated because these orders were not issued within two hundred days of the date on which the motions for permanent custody were filed.

*Legal Standard*

{¶6} R.C. 2151.414(A)(2) states that a court is to "issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion." R.C. 2151.414(A)(2). The final paragraph of this provision further states that

> **[t]he failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and *does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court*.**

(Emphasis added.) R.C. 2151.414(A)(2). Thus, the "final paragraph of R.C. 2151.414(A)(2) establishes that the statutory time limits * * * do not deprive the juvenile court of jurisdiction to issue an order beyond those time frames." *In re M.W.*, 8th Dist. Cuyahoga Nos. 98214 and 98215, 2012-Ohio-5075, ¶ 21.

{¶7} "Based on this express language, courts * * * have held that these time periods are not jurisdictional and that noncompliance with them do not warrant reversal or dismissal of a permanent custody award." *In re M.C.*, 4th Dist. Scioto No. 16CA3755, 2016-Ohio-8294, ¶ 14, citing *In re M.W.*, 2012-Ohio-5075, ¶ 21; *In re M.W.*, 9th Dist. Wayne No. 08CA0020, 2008-Ohio-4499, ¶ 24; *In re B.L.*, 10th Dist. Franklin No. 04AP-1108, 2005-Ohio-1151, ¶ 8.

*Legal Analysis*

{¶8} R.C. 2151.414(A)(2) expressly states that a trial court's failure to operate within the specified timeframe does not provide grounds for challenging the validity of the resulting order of the trial court. R.C. 2151.414(A)(2). We note that the appellant, in his brief, has not cited to any legal authority that would suggest that the facts of this case provide grounds to vacate the orders of the trial court that granted MCCS permanent custody. *See In re M.W.*, 2008-Ohio-4499, ¶ 24. *See also Matter of J.D.*, 5th Dist. Knox Nos. 2019CA000028 and 2019CA000029, 2020-

Ohio-196, ¶ 13; *In re Sox*, 7th Dist. Mahoning No. 06 MA 35, 2006-Ohio-7116, ¶ 16; *In re S.H.*, 9th Dist. Summit No. 24055, 2008-Ohio-3111, ¶ 32.

{¶9} Further, there is no indication in the record that Coykendall ever raised this issue before the trial court. *In re J.A.*, 3d Dist. Defiance Nos. 4-16-18, 4-16-19, and 4-16-20, 2017-Ohio-997, ¶ 33; *In re M.G..*, 5th Dist. Perry No. 16CA18, 2016-Ohio-5256, ¶ 37. We also note that Coykendall has not demonstrated how this delay operated to prejudice his rights. *See In re James*, 10th Dist. Franklin No. 03AP-373, 2003-Ohio-5208, ¶ 39; *In re Allberry*, 4th Dist. Hocking No. 05CA12, 2005-Ohio-6529, ¶ 29. Thus, Coykendall has not, on appeal, identified an error that prejudiced his rights. For these reasons, his sole assignment of error is overruled.

*Conclusion*

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Family Division of the Marion County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**